UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY D. FOWLER,

    Petitioner,

    v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C07-5356RJB

ORDER DENYING CERTIFICATE OF APPEALABILITY

This matter comes before the court on the petitioner's Notice of Appeal. Dkt. 24. The court must consider whether to grant or deny the petitioner a Certificate of Appealability. *See* 28 U.S.C. 2253(c)(3). The court has reviewed the record herein.

### PROCEDURAL HISTORY

On November 29, 2007, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, recommending that petitioner's motion for preliminary injunction and temporary restraining order be denied. Dkt. 21. On January 3, 2008, the court adopted the Report and Recommendation and denied petitioner's motion for preliminary injunction and restraining order. Dkt. 23. On January 14, 2008, petitioner filed an appeal to the U.S. Court of Appeals for the Ninth Circuit. Dkt. 24.

### STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY

Order- 1

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 120 S. Ct. at 1604.

## DISCUSSION

In his motion, petitioner requests that the court prohibit the Department of Corrections from transferring him from one institution to another while his habeas petition is pending. Dkt. 15 at 4. Petitioner's habeas corpus petition is pending in the district court. Dkt. 1.

Petitioner has not made a substantial showing of the denial of a constitutional right for several reasons. First, FRAP 23(a) does not apply to a case pending in the district court. FRAP 23 provides that it only applies when a case is "pending review of a decision in a habeas corpus proceeding." FRAP 23(a). In other words, FRAP 23(a) "applies only when a habeas action is before the court of appeals on review of a district court's decision." *Mitchell v. McCaughtry*, 291 F.2d 823, 835 (E.D. Wis 2003). No decision regarding the petition in this case has yet been made. Therefore, FRAP 23 does not currently apply here.

Second, transferring a petitioner from one Department of Corrections facility to another does not violate FRAP 23(a). FRCP 23(a) is "designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the

Order- 2

territorial jurisdiction of the court in which a habeas petition is pending." *Pethel v. Attorney General of Indiana*, 704 F. Supp 166, 169 (N.D. Ind.1989).  A transfer from one Washington Department of Corrections facility to another within the same judicial district will not divest the district court of jurisdiction over the matter. 28 U.S.C. 2241(d).  Therefore, transferring the petitioner does not violate FRAP 23(a).

Third, petitioner's request for preliminary injunctive relief is not properly brought in a habeas corpus action, 28 U.S.C. §2254. Dkt. 15.  A habeas corpus action pertains to challenging the "fact or duration" of confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).  The petitioner is objecting to the conditions of confinement, because he is objecting to a transfer from one location to another. *See McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991).

Finally, even if a habeas corpus action were the proper means through which to assert his objection, the petitioner has not met the standard for preliminary injunctive relief because harm resulting from his transfer has not been shown.  A court may grant injunctive relief under the traditional standard if (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).  Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.*

The petitioner has not shown any likelihood that he will suffer irreparable harm if transferred. He merely states that a transfer would compromise his ability to have access to individuals assisting inmates in filing complaints or petitions. Dkt. 22 at 2-3.  The petitioner does have a right to access the courts, however, this right does not apply further than to protect "the ability of an inmate to prepare a petition or complaint." *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974).  In addition, the petitioner has no constitutionally protected liberty interest in being confined in any particular

Order- 3

institution. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983)(the Due Process Clause alone does not protect against transfer from one prison institution to another within the same state prison system). The petitioner has failed to show that he will be irreparably harmed by a transfer to another institution without judicial intervention. The Certificate of Appealability should be denied.

Accordingly, it is hereby **ORDERED** that a Certificate of Appealability is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 29th day of January, 2008 .

[signature]
ROBERT J. BRYAN
United States District Judge

Order- 4